UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CMG HOLDINGS GROUP, as successor to XA THE EXPERIENTIAL AGENCY, INC., | : Civil Action No.: _____ |
| Plaintiff, | : |
| vs. | : **NOTICE OF REMOVAL** |
| JOSEPH WAGNER, HUDSON GRAY LLC, DARREN ANDERECK, JESSIE LOMMA, MICHAEL DAY, JEAN WILSON, ESTELLE PIZZO, STUDIO AG, LLC, REMIGIO GUDIN, and MIXED COMPANY, INC., | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JOSEPH WAGNER, JEFFREY SMITH, DARREN ANDERECK, and JESSIE LOMMA, | : |
| Third-Party Plaintiffs, | : |
| vs. | : |
| GLENN LAKEN and ALEXIS LAKEN, | : |
| Third-Party Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C.A. §§ 1441 and 1446, Defendants, Joseph Wagner ("Wagner"), HudsonGray, Inc., incorrectly sued herein as Hudson Gray LLC ("HudsonGray"), Darren Andereck ("Andereck"), Jessie Lomma ("Lomma"), Michael Day ("Day"), Jean Wilson ("Wilson"), Estelle Pizzo ("Pizzo"), Studio AG, LLC ("Studio AG"), Remegio Gudin ("Gudin"), and Mixed Company, Inc. ("Mixed Company") (together, the "Removing Parties"), by the undersigned attorney, submit this Notice of Removal and state as follows:

1. Attached as Exhibit A is the Supplemental Summons and First Amended Complaint against the Removing Parties that the Plaintiff filed with the Supreme Court of the State of New York, county of New York on June 29, 2015, and that is now pending under Index No. 652894/2014.

2. On September 22, 2014, Plaintiff, XA Experiential Agency, Inc. (the "Initial Plaintiff") commenced this action against Wagner, HudsonGray, Jeffrey Smith ("Smith"), Andereck and Lomma (the "Initial Defendants"), who is not a defendant in the current action, in the Supreme Court of the State of New York, County of New York, under Index No. 652894/2014. (Ex. B.)  On November 7, 2014, Wagner and HudsonGray filed a Motion to Dismiss the Complaint. (Ex. C.)  On November 7, 2014, Andereck, Lomma and Smith filed an Answer to the Complaint. (Ex. D.)  On November 26, 2014, the Initial Plaintiff agreed to file an amended complaint on or before December 17, 2014 and Wagner and HudsonGray withdrew their Motion to Dismiss the Complaint. (Ex. E.)  On December 12, 2014, the Initial Plaintiff agreed to file an amended complaint on or before January 23, 2015.  (Ex. F.)  On February 19, 2015, Wagner, Smith, Andereck and Lomma filed a Third Party Complaint against Third Party Defendants Glenn Laken and Alexis Laken.  (Ex. G.)  On April 24, 2015, the Initial Plaintiff substituted counsel of record. (Ex. H.)  On April 24, 2015, the Initial Plaintiff agreed to file an amended complaint by May 15, 2015. (Ex. I.)  On May 8, 2015, the Initial Plaintiff agreed to file an amended complaint by June 15, 2015.  (Ex. J.)  On June 15, 2015, the Initial Plaintiff agreed to file an amended complaint by June 26, 2015.  (Ex. K.)  On June 29, 2015, the Third Party Defendants filed an Answer to the Third Party Complaint, which is now pending. (Ex. L.)  Copies of the Supplemental Summons and First Amended Complaint, as well as all other state court papers served on the Removing Parties are attached and constitute all process, pleadings, and orders served upon the Removing Parties in this action.

3. The Southern District of New York includes the county in which this action is pending.

*Grounds for Removal*

4. The grounds for removal of this action are: This action is removable to the Southern District of New York, because this Court has original jurisdiction, based upon federal question pursuant to 28 U.S.C.A. § 1331. Removal of this action is, therefore, proper under 28 U.S.C.A. § 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had this action been commenced in federal court.

5. In particular, this Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331 in that Plaintiff asserts claims pursuant to 18 U.S.C. § 1961, *et seq.*, the Racketeering Influenced Corrupt Practices Act ("RICO"). Claims One through Four in Plaintiff's First Amended Complaint include claims pursuant to the federal RICO statute. The other claims contained in Plaintiff's First Amended Complaint are subject to removal pursuant to 28 U.S.C.A. § 1441(a) in that the other bases for the relief sought by Plaintiff in this action all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C.A. § 1367(a). Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court and removal to this Court is proper under 28 U.S.C.A. § 1441(c).

*Timeliness of Removal*

6. This removal is timely pursuant to 28 U.S.C. § 1446(b)(3), as this notice is being filed within thirty (30) days of the receipt on June 26, 2015 by the Removing Parties of the Supplemental Summons and First Amended Complaint, which is the amended pleading from which it may first be ascertained that the case is one which has become removable.

*Conformance with Removal Requirements*

      7. No other parties have been joined and served as defendants in the above-captioned action.

      8. Pursuant to 28 U.S.C. § 1446(d), the Removing Parties will give prompt written notice of the filing of this Notice of Removal to Plaintiff, and will file a true and accurate copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

      9. In filing this Notice of Removal, the Removing Parties do not waive any defense that may be available to them.

      **WHEREFORE**, the Removing Parties pray that this action be removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York and that the United States District Court for the Southern District of New York issue such orders and processes as may be necessary to preserve its jurisdiction over this matter and bring before it all parties necessary for adjudication of this matter.

Dated: New York, New York
       July 24, 2015

                                  Respectfully yours,

                                  WINDELS MARX LANE & MITTENDORF, LLP

                                  By: _____
                                        Scott R. Matthews
                                  156 West 56th Street
                                  New York, New York 10019
                                  (212) 237-1000
                                  smatthews@windelsmarx.com
                                  *Attorneys for Defendants*

To:   Eaton & Van Winkle LLP
       Lawrence Allen Steckman, Esq.
       3 Park Avenue
       New York, New York 10016-2078
       (646) 821-9367
       lsteckman@evw.com
       *Attorneys for Plaintiff*

{11106387:1}                                              5