UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CMG HOLDINGS GROUP, INC., as successor to :
XA THE EXPERIENTIAL AGENCY, INC.,         :  Civil Action No.:  15-cv-05814-JPO
                                          :
              Plaintiff,                  :
                                          :
       vs.                                :  **DECLARATION OF SCOTT R.**
                                          :  **MATTHEWS IN SUPPORT**
JOSEPH WAGNER, HUDSON GRAY LLC,           :  **OF DEFENDANTS' MOTION**
DARREN ANDERECK, JESSIE LOMMA,            :  **TO DISMISS PLAINTIFF'S**
MICHAEL DAY, JEAN WILSON, ESTELLE         :  **AMENDED COMPLAINT**
PIZZO, STUDIO AG, LLC, REMIGIO GUDIN,     :
and MIXED COMPANY, INC.,                  :
                                          :
              Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSEPH WAGNER, JEFFREY SMITH, DARREN      :
ANDERECK, and JESSIE LOMMA,               :
                                          :
              Third-Party Plaintiffs,     :
                                          :
       vs.                                :
                                          :
GLENN LAKEN and ALEXIS LAKEN,             :
                                          :
              Third-Party Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     **SCOTT R. MATTHEWS**, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that:

     1.    I am a member of the Bar of this Court and a Partner of the law firm Windels Marx Lane & Mittendorf, LLP, attorneys for defendants Joseph Wagner ("Wagner"), HudsonGray, Inc. ("HudsonGray"), Darren Andereck ("Andereck"), Jessie Lomma, Michael Day, Jean Wilson ("Wilson"), Estelle Pizzo ("Pizzo"), Studio AG, LLC, Remigio Gudin, and Mixed Company, Inc. (collectively, the "Defendants").  As such, I am fully familiar with the facts and circumstances set forth below.

2.      I submit this Declaration in support of Defendants' motion to dismiss the First Amended Complaint, dated June 26, 2015 (the "Amended Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Plaintiff's Counsel Advises the Amended Complaint Has No Exhibits**

3.      The Amended Complaint refers numerous times to "Schedule A," purportedly listing instances of mail and wire fraud, but no such schedule – or any other document – is annexed to the pleadings filed with the Court or served upon Defendants.

4.      On July 21, 2015, Plaintiff's counsel provided me with a copy of Schedule A, but advised that any references to schedules or exhibits in the Amended Complaint are "errors" which should be "disregarded".

**Exhibits to Defendants' Motion to Dismiss**

5.      A copy of the Amended Complaint is annexed hereto as **Exhibit "A."**  The Amended Complaint is annexed to Defendants' Notice of Removal as Exhibit A.  (Dkt. No. 1:1.)

6.      A copy of the Third-Party Complaint, dated February 19, 2015, without exhibits, is annexed as **Exhibit "B."**  The complete Third-Party Complaint, including exhibits, is annexed to Defendants' Notice of Removal as Exhibit G. (Dkt. No. 1:8-11.)

7.      A copy of the Third-Party Defendants' Answer to the Third-Party Complaint, dated June 26, 2015 ("Third-Party Answer"), is annexed hereto as **Exhibit "C."**  The Third-Party Answer is annexed to Defendants' Notice of Removal as Exhibit L. (Dkt. No. 1:16.)

8.      A copy of the Settlement Agreement and Release, dated as of April 22, 2014 ("April Release"), is annexed hereto as **Exhibit "D."**  The April Release is Exhibit B to the Third-Party Complaint, which is itself annexed to Defendants' Notice of Removal as Exhibit G. (Dkt. No. 1:9.)

9. A copy of the Release Agreement and Non-Solicitation, dated February 26, 2014 ("February Release"), is annexed hereto as **Exhibit "E."**

10. A copy of the memorandum, dated December 4, 2009, from Wagner and Wilson to Jim Ennis, Chief Operating Officer of CMG Holdings, Inc. ("2009 Memo"), is annexed hereto as **Exhibit "F."**  The 2009 Memo is Exhibit H to the Third-Party Complaint, which is itself annexed to Defendants' Notice of Removal as Exhibit G.  (Dkt. No. 1:10.)

11. A copy of the memorandum, dated January 27, 2014, from Wagner to Ron Burkhardt ("2014 Memo"), is annexed hereto as **Exhibit "G."**  The 2014 Memo is Exhibit I to the Third-Party Complaint, which is itself annexed to Defendants' Notice of Removal as Exhibit G.  (Dkt. No. 1:10-11.)

12. A copy of a Certificate of Business: Fictitious Firm Name filed by XA with the State of Nevada on January 29, 2010 ("Fictitious Name Certificate"), is annexed hereto as **Exhibit "H."**  The Fictitious Name Certificate is Exhibit G to the Third-Party Complaint, which is itself annexed to Defendants' Notice of Removal as Exhibit G.  (Dkt. No. 1:10.)

13. A copy of a press release issued by Plaintiff on or about July 16, 2015 is annexed hereto as **Exhibit "I."**

14. A copy of a Form 8-K filed by Plaintiff on or about July 22, 2015 is annexed hereto as **Exhibit "J."**

15. A copy of an email exchange involving Pizzo, Andereck, Wilson, and Wagner, dated June 2 and 3, 2009, is annexed hereto as **Exhibit "K."**

Executed on August 7, 2015.

                                                               s/
                                          Scott R. Matthews