Exhibit D

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Joseph Wagner ("Wagner"); XA, the Experiential Agency, Inc. ("XA"); CMG Holdings, Inc. ("CMG"); Glenn Laken ("Laken"); Jeffrey Devlin ("Devlin"); and Ron Burkhardt ("Burkhardt"); (collectively, the "Parties"), this 22nd day of April, 2014.

**WHEREAS**, Wagner and XA, a wholly owned subsidiary of CMG, entered into an Amended and Restated Executive Employment Agreement with an effective date of April 1, 2009 (the "Employment Agreement");

**WHEREAS**, Wagner alleges he terminated the Employment Agreement for "Good Reason" pursuant to Section 11(d) of the Employment Agreement effective March 18, 2014, and XA disputes the termination was for "Good Reason";

**WHEREAS**, a dispute exists between Wagner and XA concerning compensation Wagner claims XA owes him pursuant to the terms of the Employment Agreement, (collectively, the "Dispute"); and

**WHEREAS**, the Parties wish to fully and finally resolve the Dispute without the burden, expense, and distraction of litigation and have negotiated the terms of this Agreement in good faith and at arm's length;

**NOW, THEREFORE**, in consideration of the mutual covenants, understandings, obligations and provisions of this Agreement, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals**. The foregoing recitals are incorporated into this Agreement in their entirety.

1

17123642v.3

2.  **$210,000 Payment to Wagner.** Provided Wagner executes this Settlement Agreement and does not later revoke it, XA shall wire to Wagner on April 30, 2014 (the "Effective Date"), the lump sum payment of $210,000 (the "$210,000 Payment"). The $210,000 Payment shall be subject to all applicable withholdings, including federal, state and other taxes associated with wages paid to W-2 employees. Under no circumstances, shall Laken, Devlin and/or Burkhardt be responsible or liable for payment under this Section 2.

3.  **PTO Payment to Wagner.** Provided Wagner executes and does not later revoke this Agreement, XA shall wire to Wagner, on or before April 30, 2014, payment for all earned and unused PTO for year 2014 in the amount of $10,000 (the "PTO Payment"). The PTO Payment shall be subject to all applicable withholdings, including federal, state and other taxes associated with wages paid to W-2 employees. Under no circumstances, shall Laken, Devlin and/or Burkhardt be responsible or liable for payment under this Section 3.

4.  **Wire Instructions.** The $210,000 Payment and the PTO Payment shall be wired to Wagner at the following address:

    LSC Capital Advisers, Inc.
    Chase Bank N.A., Chicago, IL
    ABA # 071000013
    Acct # 0792569618

5.  **CMG Guarantee.** By its authorized signature below and by signing the Guaranty attached as Exhibit A which is incorporated herein, CMG guarantees both the $210,000 Payment and the PTO Payment to Wagner and agrees that in the event XA fails to make either the $210,000 Payment or the PTO Payment or both on the date due, CMG will wire transfer said payment or payments to Wagner within three (3) business days of the respective due date. In the event XA files a bankruptcy petition and either the $210,000 Payment or the PTO Payment or both are avoided and recovered by the bankruptcy trustee, CMG will wire transfer

said payment or payments to Wagner within three (3) business days of the avoidance and recovery.

6. **Employment Agreement.** As of the Effective Date, the Employment Agreement is terminated and all rights and obligations of Wagner and XA thereunder are extinguished. This Agreement constitutes, and may be pleaded as, a bar to any claim, action, cause of action, or proceeding brought by Wagner and/or XA to enforce the Employment Agreement or any of its terms.

7. **General Release of Claims by Wagner.**

   (a) In consideration for the payments and covenants, as set forth herein, and except with respect to any action to enforce the terms of this Agreement, Wagner, for himself and all of his agents, heirs, executors, administrators, attorneys and assigns, past, present and future, hereby waives, releases and forever discharges XA and CMG, and all of their subsidiaries and affiliates, whether direct or indirect, their joint ventures and joint venturers (including their respective directors, officers, employees, shareholders, partners and agents, past, present and future), and each of their respective successors and assigns, past, present and future, and Laken, Devlin, Burkhardt, and each of their agents, heirs, executors, administrators, attorneys and assigns, past, present and future (hereinafter collectively referred to as the "Releasees"), from any and all known or unknown actions, causes of action, claims or liabilities of any kind which have or could be asserted against the Releasees arising out of or related to the Dispute, Wagner's relationship with and/or termination from XA and/or any of the other Releasees and/or arising out of or related to any other occurrence up to and including the Effective Date, including but not limited to:

   (i) All claims under the Age Discrimination In Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, Civil Rights Acts of 1866, 1870, and 1871,

3

17123642v.3

Americans With Disabilities Act, Family and Medical Leave Act, Executive Order 11246, Rehabilitation Act of 1973, Employee Retirement Income Security Act, Fair Labor Standards Act, Illinois Human Rights Act, state wage payment laws, and under any other federal, state and local statute, ordinance, regulation, and order, and all claims for breach of contract, bonuses, commissions, stock options, negligence, wrongful discharge, and under any other common law theory; provided, however, that Wagner does not waive any right he may have to unemployment insurance benefits or vested benefits under the Company's 401(k) or pension plan; and/or

    (ii)    Claims, actions, causes of action or liabilities arising under any other federal, state, municipal, or local statute, law, ordinance or regulation; and/or

    (iii)    Any other claim whatsoever including, but not limited to, claims for pay/wages/commissions, bonuses, severance pay, claims based upon breach of contract, wrongful or retaliatory termination, defamation, intentional infliction of emotional distress, tort, personal injury, invasion of privacy, violation of public policy, negligence and/or any other common law, statutory or other claim whatsoever arising out of or relating to Wagner's employment with and/or termination from employment with XA and/or any of the other Releasees.

    (b)    Excluded from this release are claims arising after Wagner executes this Agreement, claims for breach of this Agreement, and claims that, by law, cannot be waived, such as for unemployment or worker's compensation. Neither the release section(s) above nor anything else in this Agreement shall limit Wagner's rights to file a charge with any administrative agency or to participate in an agency investigation or other administrative proceeding. However, Wagner gives up all rights to any money or other personal benefit from any administrative charge, investigation or proceeding.

    (c)    Wagner also agrees not to sue any of the Releasees or become a party to a lawsuit on the basis of any claim of any type whatsoever arising out of or related to his relationship with and/or termination from employment with XA and/or any of the other Releasees, which claim, known or unknown, arises or could have been asserted on or before the Effective Date, other than a lawsuit by Wagner to challenge this Agreement under the ADEA.

4

17123642v.3

(d)     To the extent permitted by law, Wagner also waives his right, if any, to any monetary recovery should any federal, state, or local administrative agency pursue any claims on Wagner's behalf arising out of or related to his employment with and/or separation from employment with XA and/or any of the other Releasees. Wagner also hereby acknowledges that he has not suffered any on-the-job injury for which he has not already filed a claim.

(e)     To the extent permitted by law, Wagner further waives, releases, and discharges Releasees from any reinstatement rights which Wagner has or could have under any applicable law.

(f)     Wagner acknowledges that he has been given at least twenty-one (21) days to consider this release provision, and that he has consulted with his personal attorney before signing this Agreement. Wagner may waive this twenty-one (21) day consideration period.

(g)     Wagner understand that he may revoke this Agreement within seven (7) days after its signing and that any revocation must be made in writing and submitted within such seven day period to XA with a copy to Daniel F. Lancilotti of Seyfarth Shaw LLP., 131 S. Dearborn Street, Chicago, Illinois 60603.  Wagner further understands that if he revokes this Agreement, he shall not receive any payments or other benefits as set forth herein.

(h)     Wagner also understands and agrees that the payments and benefits which he will receive in exchange for signing and not later revoking this Agreement are in addition to anything of value to which he is already entitled.

5

17123642v.3

(i) WAGNER FURTHER UNDERSTANDS THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT HAVE ARISEN ON OR PRIOR TO THE EFFECTIVE DATE.

8. **General Release of Claims by XA, CMG, Laken, Devlin and Burkhardt.**

(a) In consideration of the mutual covenants contained herein, except with respect any action to enforce the terms of this Agreement, XA and CMG and all of their subsidiaries and affiliates, whether direct or indirect, their joint ventures and joint venturers (including their respective directors, officers, employees, shareholders, partners and agents, past, present and future), and each of their respective successors and assigns, past, present and future, and Laken, Devlin, Burkhardt, and each of their agents, heirs, executors, administrators, attorneys and assigns, past, present and future (hereinafter collectively referred to as the "Releasors") hereby waive, release and forever discharge Wagner, and all of his agents, heirs, executors, administrators, attorneys and assigns, past, present and future, from any and all known or unknown actions, causes of action, claims or liabilities of any kind, whether based upon any federal, state, municipal, or local statute, law, ordinance or regulation, which have or could be asserted by the Releasors against Wagner arising out of or related to this Dispute, Wagner's relationship with and/or termination from XA and/or arising out of or related to any other occurrence up to and including the Effective Date.

(b) XA, CMG, Laken, Devlin and Burkhardt also agree not to sue Wagner, or his agents, heirs, executors, administrators, attorneys and assigns, past, present and future, or become a party to a lawsuit on the basis of any claim of any type whatsoever arising out of or related to his relationship with and/or termination from employment with XA, which claims, known or unknown, arises or could have been asserted on or before the Effective Date.

6

(c)  XA, CMG, LAKEN, DEVLIN AND BURKHARDT FURTHER UNDERSTAND THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT HAVE ARISEN ON OR PRIOR TO THE EFFECTIVE DATE.

9. **No Admission of Liability.** The Parties agree that this Agreement is a compromise and settlement and that neither its execution nor their performance under it shall constitute an admission of any breach of contract or violation of any law, and it is made solely to avoid the burden, inconvenience and expense of further litigation.

10. **No Assignment of Claims.** The Parties represent and warrant that they have not made or caused to be made any assignment or transfer of any right, claim, demand, or cause of action covered by this Agreement.

11. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties and supersedes any prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth in this Agreement. No representations, warranties, or inducements have been made to any of the Parties concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained in this Agreement.

12. **Voluntary Agreement.** The Parties individually represent, warrant and agree that: (i) they have been represented by legal counsel of their choice in connection with the entering into this Agreement; (ii) they are fully aware, clearly understand and freely assent to all of the terms and provisions contained in this Agreement; (iii) they have voluntarily, with full knowledge and without coercion or duress of any kind, entered into this Agreement; (iv) they are not relying on any representation, either written or oral, express or implied, made to them by the other Party other than as set forth in this Agreement; and (v) the consideration received by them

to enter into this Agreement and the settlement contemplated by this Agreement has been actual and adequate.

13. **No Waiver.** The Parties shall not at any time be deemed, by any act or omission, to have waived any of their rights, defenses or remedies under this Agreement, unless such waiver is in writing and signed by the Party against whom waiver is sought to be enforced. A waiver of one event shall not be construed as a continuing waiver or as a bar to or waiver of any right or remedy in connection with any subsequent event.

14. **Amendments.** This Agreement may be amended or modified only by a written instrument signed by all Parties, their authorized agents, or their respective successors-in-interest.

15. **Successors Bound.** This Agreement is binding on and inures to the benefit of the Parties and their respective heirs, successors, assigns, affiliates, officers, directors, agents, servants, employees and attorneys.

16. **Severability.** In the event that any term, covenant or provision of this Agreement shall be held by a court of competent jurisdiction to be invalid or against public policy, the remaining provisions of this Agreement shall remain in full force and effect.

17. **Agreement Not to be Construed Against the Drafter.** This Agreement shall be construed as if drafted by all Parties. All Parties have contributed substantially and materially to the preparation of this Agreement, and it shall not be construed more strictly against one Party than the other.

18. **Captions.** The captions and headings used in this Agreement are inserted for reference purposes only and shall not be deemed to define, limit, extend, describe, or affect in any way the meaning, scope or interpretation of any of the terms of this Agreement or its intent.

19. **Authority to Execute Agreement.** The undersigned represent that they are fully authorized to execute and enter into this Agreement on behalf of the respective persons or entities for whom they have signed it.

20. **Choice of Law.** The terms and conditions of this Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Illinois, without regard to any applicable choice of law or conflicts rules.

21. **Jurisdiction.** The Parties agree that any action to interpret or enforce this Agreement will be filed exclusively in a federal or state court of competent jurisdiction located in Cook County, Illinois.

22. **Counterparts.** This Agreement may be executed in one or more counterparts, which may be transmitted by regular mail, electronic mail or facsimile. All executed counterparts shall be deemed to be one and the same instrument provided that Counsel for the Parties to this Agreement exchange all signed counterparts.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the date first set forth above.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

SIGNATORIES:

JOSEPH WAGNER

_____

GLENN LAKEN

_____

JEFF DEVLIN

_____

RON BURKHARDT

_____

XA, THE EXPERIENTIAL AGENCY, INC.

By its authorized agent

Name: _____

Title: _____

CMG HOLDINGS, INC.,

By its authorized agent

Name: _____

Title: _____

1286988_1

10

17123642v.3

SIGNATORIES:

JOSEPH WAGNER

_____

GLENN LAKEN

*/s/ signature*

_____

JEFF DEVLIN

_____

RON BURKHARDT

_____

XA, THE EXPERIENTIAL AGENCY, INC.

By its authorized agent

Name: _____

Title: _____

CMG HOLDINGS, INC.,

By its authorized agent

Name: */s/ signature*

Title: Chairman & CEO

1286988.3

10

17323642x.3

SIGNATORIES:

JOSEPH WAGNER

_____

GLENN LAKEN

_____

JEFF DEVLIN

*[signature]*

RON BURKHARDT

_____

XA, THE EXPERIENTIAL AGENCY, INC.

By its authorized agent

Name: _____

Title: _____

CMG HOLDINGS, INC.,

By its authorized agent

Name: _____

Title: _____

1286988.1

10

17123642v.3

SIGNATURES:

JOSEPH WAGNER

_____

GLENN LAKEN

_____

JEFF DEVLIN

_____

RON BURKHARDT

*/s/ Ron Burkhardt*

XA, THE EXPERIENTIAL AGENCY, INC.

By its authorized agent

Name: *Ron Burkhardt*

Title: EXECUTIVE CHAIRMAN

CMC HOLDINGS, INC.,

By its authorized agent

Name: _____

Title: _____

1286988_1

17123612v.1

## GUARANTY

The undersigned hereby unconditionally guarantees timely payment of the $210,000 Payment and the PTO Payment by XA, The Experiential Agency, Inc. as required by this Settlement Agreement and Release. The undersigned guarantor waives diligence, demand for payment, extension of time for payment, notice of acceptance of this guaranty, and indulgences and notice of every kind. Joseph Wagner may enforce this guaranty without first resorting to or exhausting other remedies provided by the Agreement or the law. Guarantor signs this Guaranty in consideration of Joseph Wagner's willingness to enter into this Agreement with XA, The Experiential Agency, Inc.

GUARANTOR:

CMG HOLDINGS, INC.

By its authorized agent

Name: _____

Title: Chairman & CEO

1386988_1

11

1712043v.3