Exhibit E

## RELEASE AGREEMENT AND NON-SOLICITATION

THIS RELEASE AGREEMENT AND NON-SOLICITATION (this "Release"), dated as of February 26, 2014 (the "Effective Date"), is made and entered into by and among Joseph Wagner ("Wagner"), XA, The Experiential Agency, Inc. ("XA") and CMG Holdings, Inc. ("CMG") (collectively, the "Parties").

### RECITALS

A.   WHEREAS, Wagner and XA, a wholly owned subsidiary of CMG, entered into an Amended and Restated Executive Employment Agreement with an effective date of April 1, 2009 (the "Employment Agreement")

B.   WHEREAS, Section 3(i) of the Employment Agreement referenced Incentive Compensation to be paid under a "Performance Based Incentive Plan" maintained by XA (the "Plan");

C.   WHEREAS, Wagner claims that, as of July 1, 2013, he is owed $212,784 in cash and $212,784 in stock under the Plan (the "Incentive Compensation");

D.   WHEREAS, XA claims that the Plan was never adopted;

E.   WHEREAS, a dispute exists between Wagner and XA concerning whether the Plan was adopted and whether Wagner is entitled to be paid the Incentive Compensation (the "Dispute"); and

F.   WHEREAS, the Parties desire to resolve the Dispute without any admission of liability by any Party and without the expense of litigation by entering into this Release.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, intending to be legally bound, the Parties hereby agree as follows:

1. Incorporation of Recitals.  The Recitals set forth above are hereby incorporated into and made a part of this Release by this reference.

2. Payment to Wagner.  As of the Effective Date, XA and CMG hereby agree to pay to Wagner or his designee $150,000 in cash upon execution of this Release (the "Funds").

3. Release.  Subject to full performance of the express condition contained in Section 2 herein, Wagner hereby forever releases and discharges XA and CMG and their managers, members, officers, partners, shareholders, directors, employees and other agents (each, a "Released Party"), from and against any and all debts, causes of action, suits, proceedings, judgments, damages, obligations and liabilities whatsoever of every kind and nature that Wagner has or could have had as of the Effective Date with respect to the Incentive Compensation (collectively, the "Released Matters").

4. <u>Non-Solicitation</u>. Wagner hereby covenants and agrees that, subject to the condition set forth herein, during his employment with XA and for a period of six (6) months following the separation of his employment (for any reason), he shall not solicit or attempt to solicit any client of XA who is doing business with XA at the time of such termination, or who did business with XA at any time within six (6) months prior to such termination. This non-solicitation provision shall be of no force or effect if Wagner, at the time of Wagner's separation from employment from XA, is not paid (i) in full all amounts due to Wagner under the Employment Agreement (other than the Incentive Compensation which is being settled by this Release) including, but not limited to, $418,750.00 of salary due to Wagner and deferred by XA through February 1, 2014 (the "<u>Deferred Compensation</u>"), or (ii) in accordance with the terms any agreement which may be reached between Wagner and XA on or before Wagner's separation from employment with XA for the payment of Deferred Compensation (and any other amounts that may be due under the Employment Agreement).

5. <u>The Employment Agreement</u>. The Parties hereby agree and acknowledge that, other than the obligations set forth in Section 3(i) of the Employment Agreement which are addressed by this Release, the Employment Agreement remains in full force and effect and Wagner is not waiving any other rights or claims he may have thereunder (including all salary due to Wagner and deferred by XA through February 1, 2014).

6. <u>Miscellaneous</u>.

   a. <u>Amendments</u>. This Release may be amended, modified, superseded or canceled only by an instrument in writing signed by each of the Parties.

   b. <u>Headings</u>. The titles and subtitles herein are inserted for convenience of reference only, are not a part of this Release and are to be ignored in any construction of the provisions hereof.

   c. <u>Further Assurances</u>. Each Party shall hereafter execute and deliver such further instruments and do such further acts and things as may be reasonably required or reasonably useful to carry out the intent and purposes of this Release and as are not inconsistent with the terms hereof.

   d. <u>Successors and Assigns</u>. This Release shall inure to the benefit of and be binding upon the successors and assigns of the Parties.

   e. <u>Governing Law</u>. This Release and the legal relations between the Parties arising thereunder shall be governed by and construed in accordance with the internal laws of the State of Illinois, without regard to the principles regarding the choice of law.

   f. <u>Counterparts</u>. This Release may be executed in one or more counterparts, all of which shall be considered one and the same agreement, and shall become

effective when such counterparts have been signed by each Party and delivered to the other Party.

g. <u>Severability</u>. If at any time subsequent to the date hereof, any provision of this Release shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect, but the illegality or unenforceability of such provision shall have no effect upon and shall not impair the enforceability of any other provision of this Release.

h. <u>Entire Agreement</u>. This Release constitutes the entire understanding and agreement of the Parties with respect to the matters referred to herein. Any representation, promise or condition, whether written or oral, between or among the Parties with respect to the matters referred to herein which is not expressly so incorporated shall not be binding on the Parties. The Parties acknowledge that they have not relied, in entering into this Release, on any representations, promises or conditions not expressly set forth in this Release.

i. <u>No Waiver</u>. No waiver of any provision of this Release shall be deemed, or shall constitute, a waiver of any other provision.

j. <u>Authority</u>. The Parties warrant that all corporate or other necessary organizational acts have been taken to approve the terms of this Release and the signatories hereto are duly authorized to execute this Release as a binding and enforceable contract. Each Party has received independent legal advice from its or his attorneys with respect to the negotiation of this Release and the advisability of executing this Release and any related documents.

IN WITNESS WHEREOF, the Parties hereto have caused this Release to be executed by their respective duly authorized officers as of the day and year first written above.

**CMG HOLDINGS, INC.**                **XA, THE EXPERIENTIAL AGENCY, INC.**

By:_____            By:_____
Name:_____            Name:_____
Its:_____            Its:_____

**JOE WAGNER**
*/s/*

1280114_3

effective when such counterparts have been signed by each Party and delivered to the other Party.

g. <u>Severability</u>. If at any time subsequent to the date hereof, any provision of this Release shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect, but the illegality or unenforceability of such provision shall have no effect upon and shall not impair the enforceability of any other provision of this Release.

h. <u>Entire Agreement</u>. This Release constitutes the entire understanding and agreement of the Parties with respect to the matters referred to herein. Any representation, promise or condition, whether written or oral, between or among the Parties with respect to the matters referred to herein which is not expressly so incorporated shall not be binding on the Parties. The Parties acknowledge that they have not relied, in entering into this Release, on any representations, promises or conditions not expressly set forth in this Release.

i. <u>No Waiver</u>. No waiver of any provision of this Release shall be deemed, or shall constitute, a waiver of any other provision.

j. <u>Authority</u>. The Parties warrant that all corporate or other necessary organizational acts have been taken to approve the terms of this Release and the signatories hereto are duly authorized to execute this Release as a binding and enforceable contract. Each Party has received independent legal advice from its or his attorneys with respect to the negotiation of this Release and the advisability of executing this Release and any related documents.

IN WITNESS WHEREOF, the Parties hereto have caused this Release to be executed by their respective duly authorized officers as of the day and year first written above.

CMG HOLDINGS, INC.

By: _____
Name: Colean Luver
Its: Chairman/CEO

XA, THE EXPERIENTIAL AGENCY, INC.

By: _____
Name: RON BURKHART
Its: EXEC CHAIRMAN

**JOE WAGNER**

_____

1280114_3