

September 28, 2017

Via ECF

Hon. J. Paul Oetken, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

RE:  CMG Holdings Inc. v. Joseph Wagner, *et al.*
     Civil Action No. 15-cv-05814-JPO

Dear Judge Oetken:

We, along with Boies Schiller Flexner LLP, represent plaintiff CMG Holdings Group, Inc. ("CMG") as assignee of XA, The Experiential Agency, Inc. ("XA") in the above-referenced action. We offer this letter in response to Defendants' letter motion mischaracterizing Plaintiff's document production as a "document dump". [DE 62].

Plaintiff has produced extensive documents responsive to Defendant's document requests. In addition, Plaintiff has produced documents responsive to Defendants' requests for "unclean hands defense" documents and in compliance with the Court's order. [DE 58]. Plaintiff contends that it's extensive production is complete, proper and complies with this Court's prior order. In addition, Plaintiff's counsel is willing to further meet and confer with Defendants' counsel and to attempt to adequately address these discovery issues and to obviate the need for the court's intervention at this time. Furthermore, Plaintiff maintains that the letter motion is premature as to document production that Defendants' seek from sources other than XA's servers and/or subsequent to Defendants' resignation from XA, because the parties have not met and conferred on these issues.

I.  *Plaintiff's First Production*

On July 5, 2017, Plaintiff, through prior counsel, produced a hard drive containing 590,969 pages of documents. This production consists of email and their attachments that Defendants had caused to be deleted from Plaintiff's IT systems and which Plaintiff subsequently recovered through a forensic IT recovery process. Plaintiff elected to produce these documents, pursuant to R. 34(b)(2)(E)(i), in the manner in which they were kept by CMG. The details concerning this production are listed below. Plaintiff's First Production consisted of TIFF/text pairs with all associated metadata. In other words, Plaintiff's First Production is capable of being searched

6/20/2017 Production – Production_001
Total Docs: 233,722
Page Count: 590,969
Bates Range: XA0000001 - XA0590969
Natives: 1,936
Text Files: 233,722
OPT and DAT loadfiles (one of each)

On September 25, the parties' counsel met and conferred telephonically concerning the following two matters: (1) Defendants' contention that Plaintiff's unclean hands defense production was incomplete and (2) Defendants' position that Plaintiff's initial production of 590,000 was an improper document dump. However, the parties did <u>not</u> meet and confer concerning Defendant's position that Plaintiff's production was incomplete as to documents from sources other than XA's servers and/or those created after Defendants' respective resignations from XA. Accordingly, that part of Defendants' motion is premature.

Plaintiff elected to produce documents pursuant to R. 34(b)(2)(E)(i), in the manner in which they were kept. Defendants are responsible for the format of this initial production because they caused the deletion of these documents from XA's servers and systems. Defendants' requested documents "concerning the allegations set forth in the Second Amended Complaint." The operative complaint is replete with allegations of Defendants' data erasure and data theft. Accordingly, the First Production documents are all relevant to Plaintiff's allegations that Defendants' caused the deletion of Plaintiff's data. Plaintiff should not be faulted for producing documents clearly responsive to Defendants' requests.

## II. *Other sources of documents*

As stated above, we did not previously meet and confer concerning Plaintiff's production of documents from sources other than XA's servers and those that were created after Defendants' resignation from XA. Accordingly, this part of Defendants' motion is premature. However, we are willing to produce non-privileged documents responsive to the requests that you referenced (8, 20, 29, 38, 39, 41, 42, 43, 44, and 48). We can serve this production within thirty days.

### *Unclean hands production*

On August 23 and 25, Plaintiff produced approximately 600 pages of documents [XA591299-XA591682] responsive to Defendants' unclean hands defense requests (requests numbered 13, 31, 33, 36, 49, 50, 65 and 67) and in compliance with this Court's order. [DE 58] Plaintiff's counsel reviewed the collection previously made and produced those documents which were identified as being responsive to Defendants' requests and required by the Court's order. Based on Defendants' letter motion we have contacted Plaintiff concerning Defendant's contention that Plaintiff confirmed the existence of responsive documents which have not been produced. We will be prepared to further meet and confer with Defendant's counsel concerning the unclean hands production by October 5, 2017.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's letter motion or alternatively, that the Court defer ruling on the motion for fifteen days to permit the parties to further meet and confer.

Very truly yours,
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.

*Brad Edwards*

Bradley J. Edwards

cc: Scott Matthews, Esq. (via ECF)
James Tracy, Esq. (via ECF)