

Seth Lehrman
954-323-2066
seth@epllc.com

January 18, 2018

<u>Via ECF</u>

Hon. J. Paul Oetken, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

RE:  CMG Holdings Inc. v. Joseph Wagner, *et al.*
     Civil Action No. 15-cv-05814-JPO

Dear Judge Oetken:

This firm represents the Plaintiff in the above referenced action, and we hereby request, pursuant to paragraph 3(C) of your Honor's Individual Practices in Civil Cases, an informal conference with the Court to discuss relief from the scheduling order. Defendants consent to this request.

Plaintiff has asserted claims against Defendants alleging that Defendants conspired to divert business from Plaintiff to certain entities including the Defendant HudsonGray and that Defendants communicated with each other to coordinate and carry out their fraudulent schemes. Accordingly, Plaintiff has requested communications, including email communications to and from Defendants and emails that were sent to and from the HudsonGray email accounts which Defendants created and maintained. Notwithstanding these requests, Defendants have not produced email from any HudsonGray email accounts. This is particularly problematic as the individual Defendants are currently employed at the Defendant HudsonGray and the need for internal communication concerning HudsonGray personnel is paramount to Plaintiff's case.

Defendants have asserted numerous affirmative defenses and third party claims against Plaintiff's officers Glenn Laken and Alexis Laken. Plaintiff and the Lakens have responded to requests for documents, but, despite previous direction from the Court to produce certain documents, have not produced many categories of documents requested.

Plaintiff has noticed depositions of Defendants HudsonGray, Joseph Wagner, Jean Wilson, Darren Andereck, and StudioAG. Examining deponents about the requested HudsonGray email is an important part of these depositions. Accordingly, Plaintiff cannot go forward with these depositions until the HudsonGray account email have been produced.

Similarly, Defendants have noticed depositions of Plaintiff and the Lakens, but cannot conduct these depositions until responsive documents are produced and reviewed.

The parties have met and conferred concerning these matters. Defendants agreed to review HudsonGray account email and to produce responsive email as part of a future supplemental production from Defendants. Plaintiff will provide Defendants with a list of proposed email custodians and search terms to facilitate the collection, review and production of discoverable email. Plaintiffs and the Lakens have agreed to advise Defendants on the status of a forthcoming supplemental production of outstanding documents that are in their possession, custody or control.

A.  **Plaintiff Requests Relief from Scheduling Order**

Plaintiff respectfully requests, pursuant to paragraph 3(C) of Your Honor's Individual Practices in Civil Cases, a ninety-day extension of time to conduct discovery in this case, a resetting of the trial date, and other relief from the Revised Scheduling Order [DE 60] ("Scheduling Order"). As discussed below, we have acted diligently and demonstrate good cause for granting the requested relief.

| Events | Original Dates [DE 45] | Dates Requested by Plaintiff |
|---|---|---|
| **Case Management Conference** | April 3, 2018 | June 5, 2018 |
| **Parties to attend private mediation by this date** | May 14, 2018 | May 14, 2018 |
| **Plaintiff's expert disclosures** | May 9, 2018 | August 9, 2018 |
| **Defendant's expert disclosures** | June 8, 2018 | September 7, 2018 |
| **Fact discovery cut off** | March 29, 2018 | June 29, 2018 |
| **Depositions completed** | March 29, 2018 | June 29, 2018 |
| **Expert discovery completed** | May 14, 2018 | August 6, 2018 |
| **Trial** | August 7, 2018 | November 6, 2018 |

The proposed relief from the scheduling order will allow completion of document production before the parties take numerous depositions, which would otherwise be incomplete and lead to additional discovery disputes and motion practice.

Plaintiff requested relief from the prior scheduling order on August 18, 2017 [DE 54]. The Court granted relief, entering a Revised Scheduling Order [DE 60]. Plaintiff requests that the case management conference set for April 3 be reset to June 5, following the present mediation deadline of May 14, 2018.

Hon. J. Paul Oetken,
January 18, 2018

      We look forward to discussing these discovery issues with the Court and Defendants' counsel. Should the Court need additional information, we will be happy to provide same.

Very truly yours,

*Seth Lehrman*

Seth Lehrman