

| Florida Office | 425 North Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL 33301 | New York Office |
|---|---|---|
| Bradley J. Edwards *◊⫟ | | J. Stanley Pottinger ‡ |
| Seth M. Lehrman *† | | |
| Brittany N. Henderson *◊ | Telephone (954) 524-2820 | † Admitted in California |
| Matthew D. Weissing *⫟ | Fax (954) 524-2822 | ◊ Admitted in District of Columbia |
| | | * Admitted in Florida |
| | | ‡ Admitted in New York |
| | | ⫟ Board Certified Civil Trial Lawyer |

February 13, 2018

Via ECF

Hon. J. Paul Oetken, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

RE:  CMG Holdings Inc. v. Joseph Wagner, *et al.*
     Civil Action No. 15-cv-05814-JPO

Dear Judge Oetken:

Undersigned counsel first appeared for Plaintiff and Third-Party Defendants on July 25, 2017. Since then, Plaintiff, Third-Party Defendants and their counsel have sought to produce documents responsive to Defendants' requests and to satisfy the Court's May 3, 2017 Order (Dkt. No. 58). However, the nature of the subject claims – that Defendants conspired and did destroy Plaintiff's data and personal property – has complicated this task because Plaintiff's ESI and documents do not exist in the manner in which it did previously.

Since August 25, 2017, Plaintiff and Third-Party Defendants have produced more than 30,000 pages of documents responsive to Defendants' requests. Each of Plaintiff's productions have included a load file which, when used with an e-discovery review system, identifies the specific requests to which the documents respond. The load file also provided metadata which is commonly produced, providing information about the documents, allowing email to be threaded together into conversations and identifying attachments and other related documents. Plaintiff's counsel and Plaintiff's ESI consultants met and conferred by telephone and by email with Defendants' counsel and ESI consultants several times concerning issues that Defendant had with the format of one or more load files which Plaintiff produced and Plaintiff produced additional load files to attempt to address any technical issues which Defendants had identified. On or before

February 16, 2018, Plaintiff will produce another load file identifying the requests to which all documents produced respond.

Defendants have failed to identify the document requests to which their production responds. However, Defendants have agreed to produce a load file which identifies the requests to which their documents respond.

Below, Plaintiff responds to each of the document categories addressed in Defendants' motion.

### A. Corporate Governance Documents

Plaintiff has produced at least 1,750 of documents responsive to requests for CMG's corporate governance documents. In addition, Plaintiff's initial production contained CMG's annual reports, financial statements, SEC filings and other corporate governance documents which Defendants have requested. Defendants are capable of searching this initial production set to locate such documents. Plaintiff has produced all requested documents in its possession and custody which are responsive to requests 8, 34, 35, and 41. In addition, Plaintiff requested that its former corporate counsel, Darren Ofsink, turnover copies of responsive corporate governance documents which Plaintiff believes that Ofsink has in his possession. Since Ofsink has failed and refused to turnover any documents, on February 9, 2018, Plaintiff served a subpoena on Ofsink seeking production of such documents.

### B. CMG Financial and Oversight Documents

Plaintiff has previously produced more than 1,870 documents responsive to these requests. In addition, Plaintiff will serve a supplemental production on February 16 that is further responsive to requests 13, 29, 38, 42, 43, 44, 47 and 48. Once Plaintiff completes its production on February 16, it will have produced all documents responsive to these requests in its possession and custody.

- Request 13: Plaintiff has produced more than 28 documents responsive to the request for American Express coded statements.

- Requests 29, 38, 42, 43, and 44: Plaintiff has produced more than 1,870 documents responsive to requests 29, 38, and 44.

- Requests 47 and 48: Plaintiff has produced more than 1,737 documents responsive to requests 47 and 48 for "[a]ll documents concerning XA's [and CMG's] revenues and profits since 2014". Plaintiff has produced all documents which its former auditor Malone Bailey produced in response to a subpoena. Accordingly, Plaintiff has produced the auditor work papers and client records from the audit of its 2013 fiscal year financial statements. In addition, Plaintiff has served a subpoena on Anderson Bradshaw, the accounting firm which audited CMG's 2014 fiscal year financial statements. Plaintiff's counsel is meeting and conferring with Anderson Bradshaw's counsel concerning the auditor's response to the subpoena. Plaintiff is seeking production of the

auditor's work papers for the 2014 fiscal year audit. Plaintiff's financial statements from 2014 and 2015 will be produced as part of Plaintiff's supplemental production on February 16. Plaintiff has also attempted to serve subpoenas on CMG's former accountants John Scrudato, CPA and Terry Johnson, CPA to obtain additional financial records from 2014-2015 that would be responsive to these requests. However, Plaintiff has been unable to effect service on Scrudato or Johnson.

Plaintiff is producing documents responsive to Requests 47 and 48 in its February 16, 2018 supplemental production, including financial statements from 2014 and 2015.

### C. Documents Concerning Plaintiff's Investigation

- Requests 44, 45, 61, 62 and 63: Pedro Faria performed IT consulting work to XA through Radiant Services, an IT services provider. Mr. Faria identified the data which Defendants deleted or attempted to delete. In addition, Mr. Faria recovered this data for Plaintiff. Plaintiff did not have any contract or engagement letter with Mr. Faria. Accordingly, there are no documents responsive to requests 61 and 62 seeking retainer agreement or communications between Plaintiff and Mr. Faria. Mr. Faria has not authored any report. Plaintiff has not made any payments to Mr. Faria.

### D. Unclean Hands Defense

- Requests 31 and 33: Plaintiff is producing brokerage statements that are responsive to requests 31 and 33 as part of its supplemental production on February 16, 2018.

Plaintiff has produced all posts made by Glenn Laken on investorshub.com under the username "giantkiller". Mr. Laken has represented that he did not post any messages concerning XA or CMG on this stock board under any other usernames. In addition, Mr. Laken has represented that he is unaware of any other CMG insider posting to this stock board concerning XA or CMG. This public messageboard is accessible to Defendants and Defendants' counsel. Plaintiff and Third-Party Defendant Glenn Laken have produced all documents responsive to requests 31 and 33 in their custody and possession.

### E. Miscellaneous Demands

- Request 56: Plaintiff does not have possession, custody or control of any documents responsive to request 56, reflecting items that it sold or attempted to sell on Craig's List close when it was preparing to vacate XA's offices in New York.

- Request 60: Plaintiff's prior counsel Lawrence Steckman previously delivered his case file and client documents in his and his firm's possession to undersigned counsel. However, on February 12 Mr. Steckman identified a box of documents that was not previously turned over to undersigned counsel. Mr. Steckman has shipped these documents to undersigned counsel. These documents are potentially responsive to request number 60 concerning allegations in the draft complaint by CMG against James Ennis, Michael Vandetty and others. Plaintiff will review these

documents and will produce responsive non-privileged documents in a supplemental production by February 23, 2018.

- Request 68: Plaintiff will produce documents responsive to this request as part of a supplemental production to be made on February 16, 2018.

Thank you for considering these issues.

Very truly yours,

*Seth Lehrman*

Seth Lehrman

cc: Scott R. Matthews, Esq.