EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CMG HOLDINGS GROUP, as successor to  :
XA THE EXPERIENTIAL AGENCY, INC.,    :
                                      :    Civil Action No. 15-cv-05814-JPO
                                      :
            Plaintiff,                :
                                      :
     vs.                              :
                                      :
JOSEPH WAGNER, HUDSON GRAY LLC,      :    **DECLARATION OF GLENN**
DARREN ANDERECK, JESSIE LOMMA,       :    **LAKEN IN SUPPORT OF**
MICHAEL DAY, JEAN WILSON, ESTELLE    :    **PLAINTIFF'S OPPOSITION TO**
PIZZO, STUDIO AG, LLC, REMIGIO GUDIN,:    **DEFENDANTS' LETTER**
and MIXED COMPANY, INC.,             :    **MOTION**
                                      :
            Defendants.               :
-------------------------------------------------------------X
JOSEPH WAGNER, JEFFREY SMITH,        :
DARREN ANDERECK, and JESSIE LOMMA,   :
                                      :
            Third-Party Plaintiffs,   :
                                      :
     vs.                              :
                                      :
GLENN LAKEN and ALEXIS LAKEN,        :
                                      :
            Third-Party Defendants.   :
-------------------------------------------------------------X

GLENN LAKEN being duly sworn, says as follows:

1. I submit this Declaration in Support of Plaintiff's Opposition to Defendants' Letter Motion filed March 13, 2018. I have personal knowledge of this case, and make this affidavit upon my own experiences and observations.

2. I am the Chief Executive Officer ("CEO") of CMG Holdings Group, Inc. ("CMG") and I am a Third-Party Defendant in the above-styled action.

3.      On April 7, 2014, the Board of Directors (the "Board") of CMG appointed me as a member of the Board, Chairman of the Board and CEO.  I have held these positions continuously since this appointment.

4.      I have reviewed the First Request for Production of Documents to Plaintiff and Third-Party Defendants from Defendants and Third-Party Plaintiffs dated November 21, 2016 ("Defendants' Requests").

5.      I have reviewed the letter from Defendants' counsel Scott Matthews dated March 8, 2018 concerning Plaintiff's and Third-Party Defendants' document production.

6.      I have searched through my own personal documents and those of CMG.  In addition, I requested that my wife, Barbara Laken, assist CMG and I in the collection of documents responsive to Defendants' Requests.

7.      CMG's offices have been situated in my home in Chicago, Illinois since December 16, 2014.

8.      XA, the Experiential Agency ("XA"), a CMG subsidiary, has maintained its offices in Alexis Laken's homes in New York since December 16, 2014.

9.      Alexis Laken has served as the president of XA since July 3rd, 2014.  Alexis Laken has assisted in the collection and review of XA documents for purposes of identifying documents responsive to Defendants' requests and producing these documents. Alexis Laken has possession of some XA documents that were left in XA's offices in New York and Chicago.

10.     UnitedLex has provided and continues to provide e-discovery services to CMG and our counsel for this litigation.  These services have included the loading of documents provided by CMG into Relativity, software that allows CMG and its counsel to review documents, mark documents as responsive to document requests, and produce responsive documents.

11. With the assistance of counsel, I and CMG have produced hundreds of thousands of pages of documents in response to Defendants' requests.

12. I have at numerous times searched for documents that were responsive to Defendants' requests. I have searched my personal hard-copy documents that I maintain in my home. I have searched CMG documents that I maintain at my home. I have searched files on the personal computer that I use for my personal matters and CMG business. In addition, I have requested that my wife Barbara Laken and my daughter Alexis Laken assist me by reviewing documents which they had access to, including the XA documents in New York and Chicago and XA documents that were available to them electronically.

13. I have requested that CMG's former corporate counsel, Darren Ofsink, turnover copies of CMG documents that were in his possession. However, Mr. Ofsink failed to turnover any documents.

**A. Corporate Governance Documents**

14. I have reviewed the requests for "Corporate Governance Documents" (Requests 8, 34, 35, and 41).

15. I have previously collected and produced, through counsel, all documents in my custody and possession and in the custody and possession of CMG that are responsive to these requests for Corporate Governance Documents.

16. Neither I or CMG have possession or custody of the bylaws, minutes, and other corporate documents that are responsive to these requests other than those which have been previously produced.

17. I believe that CMG's former corporate counsel, Darren Ofsink, has possession of some of the "Corporate Governance Documents" which Defendants' have requested.

18.     I believe that some of the Corporate Governance Documents are publicly available online from the SEC.

### B. CMG Financial and Oversight Documents

19.     I have reviewed the requests for CMG Financial and Oversight Documents (Requests 29, 38, 42, 43, 44, 47 and 48).

20.     CMG and I have previously collected and produced, through counsel, all documents in my custody and possession and in the custody and possession of CMG that are responsive to these requests for CMG Financial and Oversight Documents.

21.     On March 13, 2018, I contacted American Express by telephone and requested credit card statements which reflect charges made on cards issued to me and/or Alexis Laken.

22.     American Express confirmed that they will provide me with these statements.

23.     I will provide these American Express statements to my counsel within twenty-four hours of receiving them.

### C. Unclean Hands Defense

24.     I have reviewed the requests for Unclean Hands Defense documents (Requests 49, 50, 66 and 67).

25.     Documents which reflect CMG's purchase of Good Gaming, Inc, are publicly available through the SEC. These documents will be produced by March 22, 2018.

26.     On or about July 2013, and June 2015, my mother loaned money to CMG. On or about March-April 2015, I loaned money to CMG. Documents which disclose these are publicly available through the SEC. These documents will be produced by March 22, 2018.

27.     CMG and I have otherwise produced, through counsel, all documents responsive to these requests that are within my custody and possession.

28. I produced brokerage statements that are responsive to requests 31 and 33 as part of a supplemental production on February 16, 2018.

29. The brokerage statements that I produced were from accounts maintained by Infinite Alpha, Inc. which is a company controlled by my wife Barbara Laken.

30. I'm not aware of any individual brokerage accounts titled in Barbara Laken's name that would have statements responsive to these requests.

31. I do not have possession, custody or access to any account statements under the name of Sol Mlot.

32. I do not have possession or custody of additional documents responsive to these requests.

### D. IT Investigation

33. I have reviewed Document requests 44, 61, 62 and 63 which relate to Plaintiff's IT Investigation.

34. CMG and I have produced documents responsive to these requests.

### E. Miscellaneous Demands

35. I have reviewed Document request 60 which relates to allegations in the draft complaint by CMG against James I. Ennis, Michael Vandetty, Scott Bailey, Martin Boyle, Hudson Capital Advisors, Inc., and Connied, Inc.

36. I believe that CMG has produced all documents responsive to this request that are in its possession, custody and control.

Dated: March 16, 2018

Glenn Laken