

March 16, 2018

<u>Via ECF</u>

Hon. J. Paul Oetken, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

RE:   CMG Holdings Inc. v. Joseph Wagner, *et al.*
      <u>Civil Action No. 15-cv-05814-JPO</u>

Dear Judge Oetken:

      This firms represents the Plaintiff in the above referenced action, and we hereby request, pursuant to paragraph 4(b) of your Honor's Individual Practices in Civil Cases, an informal conference with the Court to discuss Deficiencies in Defendants' Production. The parties have met and conferred by the exchange email exchange and by telephone on March 12, 2018 but remain at an impasse.

      This letter motion focuses on two categories of documents requests which Defendant has wholly refused to produce: Defendants' credit card statements and Project folders and binders. These documents are central to Plaintiff's core claims, that Defendants diverted business and monies from XA from 2009 through 2014. Accordingly, Plaintiff requests that the Court enter an order compelling Defendants to produce the requested credit card statements and the project folders and project binders.

<u>**Deficiencies in Defendants' Production**</u>

**I.       Failure to Produce Credit Card Statements**

      Plaintiff requested American Express statements and other credit card statements from each of the individual statements. See Plaintiff's Document Requests 54 (Wagner); 56 (Andereck), 58 (Wilson); 60 (Day); 62 (Lomma); 66 (Gudin); and 67 (Pizzo). These document requests seek credit card statements for cards issued to Defendants individually, or those used by the individual Defendants to pay Studio AG or XA expenses, or those reflecting charges for which Defendants sought reimbursement from Plaintiff. Defendants' responses indicate that it would, subject to objections it raised, produce responsive non-privileged documents. However, with the exception of a handful of credit card statements that were produced related to Jeffrey Devlin, Defendants' production is notable for the absence of any credit card statements for accounts or cards issued to Mssrs. Wagner or Andereck or any of the other individual Defendants. Defendants produced

Hon. J. Paul Oetken,
March 16, 2018
Page 2

sixteen spreadsheets which it contends are documents prepared by Defendants which list credit card charges for which Defendants sought reimbursement or payment from XA. This production of spreadsheets created by Defendants, is not a substitute for the actual credit card statements that have been requested. Given Plaintiff's allegations of the fraudulent scheme that Defendants perpetrated through their use of credit cards issued to them individually, these statements are clearly relevant and discoverable. In addition, the handful of spreadsheets produced by Defendants are clearly insufficient for several reasons: first, they reflect some not all charges; second, they only reflect charges made by Andereck, Lomma, and Day and not the other individual defendants who allegedly committed this fraud; and third, the statements do not cover the entire relevant time period of 2009 through 2014. The spreadsheets that were produced purport to cover December 2012 through May 2014.

## II.     XA's Project Folders and Project Binders

Plaintiff requested documents related to various projects (Requests 133 and 137). The responsive documents would include project folders and project binders maintained by XA and those maintained by Defendants. While Defendants were employed at XA, they created and maintained project binders and electronic project folders which contained all of the documents related to projects from start to finish. Defendants created the written XA policies for the creation and maintenance of these binders and folders. Plaintiff has alleged that these folders and binders, which were XA's property, were taken by Defendants. These collections of documents, include: project contract, vendor contracts, profit and loss statements, proposals and statements of work, change orders, client invoices, and other important documents that reflect the scope, status and financials for each project. The requested folders and binders constitute organized and complete sets of documents for each project. These documents are critical evidence to the central claims in the case that Defendants' allegedly diverted significant work and monies from XA.

Project folders related to the NBCUniversal Upfront events in 2014 and 2015 are responsive to request 133. Likewise, the project folder for the DIG project is clearly responsive to request 137. However, Defendants have not produced project folders for any NBCUniversal Upfront events. Defendants have not produced project folders for the DIG event or project folders or binders from any events. In addition, Defendants have not produced any project folders and binders that were previously maintained by XA. Plaintiff believes that Defendants have possession of XA project folders and binders. Accordingly, Plaintiff contends that Defendants must produce copies of XA project binders that it has in its possession, custody or control.

We look forward to discussing these discovery issues with the Court and Defendants' counsel. Should the Court need additional information, we will be happy to provide same.

Very truly yours,

*Seth Lehrman*

Seth Lehrman

SML/iz