

| Florida Office | 425 North Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL  33301 | New York Office |
|---|---|---|
| Bradley J. Edwards *◊ℓ<br>Seth M. Lehrman *†<br>Brittany N. Henderson *◊<br>Matthew D. Weissing *ℓ | _____<br>Telephone (954) 524-2820<br>Fax (954) 524-2822 | J. Stanley Pottinger ‡<br><br>† Admitted in California<br>◊ Admitted in District of Columbia<br>* Admitted in Florida<br>‡ Admitted in New York<br>ℓ Board Certified Civil Trial Lawyer |

October 3, 2018

<u>Via ECF</u>

Hon. Stewart D. Aaron, United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

     Re:    CMG Holdings Group, Inc. v. Joseph Wagner, et al.
            15-cv-05814-JPO

Dear Judge Aaron:

     Counsel for Plaintiff and Third-Party Defendants hereby request, pursuant to paragraph 3(C) of your Honor's Individual Practices in Civil Cases, an informal telephonic conference with the Court on or before October 10, 2018 to discuss the request of Edwards Pottinger LLC and Stone Magnanini LLP to withdraw as counsel of record for Plaintiff and Third-Party Defendants in this matter in accordance with Local Civil Rule 1.4.  Plaintiff and Third-Party Defendants consent to Counsel's request to withdraw and support the request for a limited stay of the litigation to afford them an opportunity to hire new counsel.  Accordingly, Counsel has requested that the District Court stay the litigation. Counsel for Plaintiff and Third-Party Defendants advised Defendants' counsel of the relief requested herein before filing this letter motion.

     If the Court desires to address the basis for Counsel's request to withdraw, then Counsel respectfully requests that this be heard *in camera* to protect privileged attorney-client communications.  In addition, Plaintiff and Third-Party Defendants request the opportunity to appear by telephone or in person at any hearing in which the Court reviews the matter *in camera*.

     Between September 13 and 21, counsel for Plaintiff and Third-Party Defendants took four depositions of Defendants.  Additional depositions would need to be taken before October 19, 2018. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Accordingly, Plaintiff respectfully requests that the Court hold an informal telephonic conference before Plaintiff's counsel travels to New York for additional depositions.

## BACKGROUND FACTS

Pursuant to Southern District of New York Local Rule 1.4, Edwards Pottinger LLC ("EP") and Stone Magnanini, LLP ("Stone") (collectively "Counsel"), respectfully submit this in support of their motion to withdraw as counsel of record for Plaintiff CMG Holdings Group, Inc. ("CMG") and Third-Party Defendants Glenn Laken and Alexis Laken in the above-captioned matter, and for all currently scheduled deadlines in the case to be briefly adjourned pending the resolution of this motion.

Counsel seeks leave to withdraw as counsel of record for Plaintiff and Third-Party Defendants because: (1) Plaintiff/Third-Party Defendants and Counsel have divergent and irreconcilable views regarding the litigation strategy to employ in this matter and these substantive differences have seriously impaired Counsel's ability to represent them.

Prior to making this motion, Counsel advised Plaintiff and Third-Party Defendants that it would seek to withdraw on the grounds set forth herein. During the course of Counsel's representation of Plaintiff ant Third-Party Defendants in this litigation, EP has performed a substantial amount of work in connection with the discovery phase of this action, engaged in extensive document review, prepared and defended various discovery motions, prepared for and attended a judicial settlement conference, prepared for, took, and attended several depositions.



Counsel have advised Plaintiff and Third-Party Defendants of its intention to terminate its representation and withdraw as their counsel. Plaintiff and Third-Party Defendants have consented to and agree with Counsel's withdrawal, but seek a reasonable opportunity to retain new Counsel. Consequently, Counsel's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

### I. The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where, *inter alia*, the client "the client knowingly and freely assents to termination of the employment" N.Y. Prof. Conduct Rule 1.16(10).

## II.  Irreconcilable Differences With Client Warrant Withdrawal of Counsel

Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement."  Furthermore, under Rule 1.16(c), the lawyer may withdraw where "the client insists upon taking action with which the lawyer has a fundamental disagreement" or "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case").  Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr*., 2008 U.S. Dist. LEXIS 73624, 1416 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8).  Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

[redacted]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### III. Withdrawal of Counsel Will Not Prejudice Plaintiff and Third-Party Defendants

Plaintiff and Third-Party Defendants will not be prejudiced by Counsel's withdrawal as counsel. Counsel has requested a continuance of all dates. Moreover, in light of the irreconcilable tension and conflict between Plaintiff, Third-Party Defendants, and Counsel, Counsel respectfully submits that they should be allowed to withdraw. Counsel also respectfully requests that a brief continuance of the scheduled dates for the completion of depositions and the other dates in the operative scheduling order be granted pending the resolution of this motion and in the event that this application is granted. Moreover, Plaintiff and Third-Party Defendants consent to Counsel's request to withdraw and wish to be represented by other counsel.

### CONCLUSION

For the foregoing reasons, Counsel respectfully request that the Court grant its motion to withdraw as counsel of record for Plaintiff and Third-Party Defendants and briefly continue the scheduled dates in the case. Counsel, Edwards Pottinger LLC and Stone Magnanini LLP, respectively waive any entitlement to attorney fees. However, both firms retain liens for costs and expenses.

Very truly yours,

*Seth Lehrman*

Seth Lehrman

cc: Scott Matthews, Esq. (Via ECF)
    CMG Holdings Group, Inc., c/o Glenn Laken via email
    Glenn Laken via email
    Alexis Laken via email
    David Stone, Esq. (Via ECF)
    Julio C. Gomez, Esq. (Via ECF)