

Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Scott R. Matthews
212.237.1025
smatthews@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

October 4, 2018

<u>Via ECF</u>

Hon. J. Paul Oetken
United States District Judge
United States District Court, S.D.N.Y.
40 Foley Square, Courtroom 706
New York, New York 10007

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 11C
New York, New York 10007

Re: <u>*CMG Holdings Group, Inc. v. Joseph Wagner, et al.*<br>15-cv-05814 (JPO)</u>

Dear Judge Oetken and Judge Aaron:

This firm represents the Defendants/Third-Party Plaintiffs in the above-referenced action. We write with respect to the letter motions filed on October 3, 2018 by counsel for Plaintiff and Third-Party Defendants ("CMG and the Lakens") seeking to withdraw as counsel, permission to file the motion under seal, a stay of the proceedings pending a decision on the motion, a stay of the proceedings for thirty (30) days to allow CMG and the Lakens to obtain new counsel if the motion is granted, an extension of the current discovery schedule coextensive with the stay, and an adjournment of the status conference scheduled for October 26, 2018 to November 30, 2018.

Plaintiff filed this lawsuit in September 2014, more than four (4) years ago. In that time, CMG and the Lakens have been represented by at least ten (10) lawyers from five (5) separate law firms. As a result of the delays occasioned by the unending succession of attorneys representing CMG and the Lakens, Defendants have expended a tremendous amount in legal fees and expenses to defend themselves. The prejudice to Defendant is manifest.

Now, after finally conducting depositions of Defendants Joseph Wagner, Jean Wilson, Darren Andereck, and Michael Day, counsel for CMG and the Lakens states that "Plaintiff/Third-Party Defendants and Counsel have divergent and irreconcilable views regarding the litigation strategy to employ in this matter and these substantive differences have seriously impaired Counsel's ability to represent them." (Doc. 107-1, p. 2.)

This application comes at a particularly significant time, immediately before Defendants depose CMG and the Lakens concerning allegations that Defendants have maintained from the outset that CMG and the Lakens know to be false and brought in bad faith. It also precedes the production of CMG's email server on October 17, 2018 for inspection by Defendants' expert to

 WINDELS MARX | Windels Marx Lane & Mittendorf, LLP

Hon. J. Paul Oetken
Hon. Stewart D. Aaron
October 4, 2018
Page 2

disprove CMG's and the Lakens' unfounded accusations of data deletion.[1]  Following these depositions and the conclusion of expert discovery, Defendants intend to move for summary judgment on most if not all of the claims.

Defendants do not challenge the request for a brief stay while the instant motion is determined, but the Court should fully examine CMG and the Lakens concerning the basis for the claimed "irreconcilable conflict" between them and their fourth and fifth sets of attorneys to be sure that this is not another delay tactic.  Defendants, therefore, request an in-person conference, with CMG and the Lakens in attendance, to address the issues their counsel raise.

Respectfully yours,

Scott R. Matthews

cc:  Seth M. Lehrman, Esq. (Via ECF)
     Bradley J. Edwards, Esq. (Via ECF)
     David Stone, Esq. (Via ECF)
     Julio C. Gomez, Esq. (Via ECF)

---

[1] Should the Court grant the request to withdraw, current counsel should comply with Defendants' Request for Production dated September 17, 2018 (the "Request") to produce the materials contained in the Request, including the email servers and computer hard drives used for email communications. *See Cosgrove v. Fed. Home Loan Bank of NY*, 1995 WL 600565 *3 (S.D.N.Y.1995) (requiring withdrawing counsel to complete two aspects of "paper" discovery before withdrawing). This would allow Defendants to make use of the time during the stay and avoid issues with future counsel concerning the discovery requests.

{11613863:1}