# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 06/26/2015 02:55 PM   Case 1:15-cv-05814-JPO   Document 1-16   Filed 07/24/15   Page 2 of 20   INDEX NO. 652894/2014
NYSCEF DOC. NO. 43   RECEIVED NYSCEF: 06/26/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

XA EXPERIENTIAL AGENCY, INC.,

                Plaintiff,

- against -

JOSEPH WAGNER, HUDSON GRAY LLC,
JEFFREY SMITH, DARREN ANDERECK
and JESSIE LOMA,

                Defendants.

---

JOSEPH WAGNER, HUDSON GRAY LLC,
JEFFRERY SMITH, DARREN ANDERECK
and JESSIE LOMMA,

                Third-Party Plaintiffs,

- against –

GLENN LAKEN and ALEXIS LAKEN,

                Third-Party Defendants.

Index No.: 652894/2014

(Scarpulla, J.)

**THIRD-PARTY DEFENDANTS'
ANSWER TO THIRD-PARTY
COMPLAINT**

---

Third-Party Defendants Glenn Laken and Alexis Laken, third party defendants, by their attorneys Eaton & Van Winkle LLP, as and for their Answer to the Third-Party Complaint of plaintiffs Joseph Wagner, Hudson Gray LLC, Jeffery Smith, Darren Andereck, and Jesse Loma ("Plaintiffs") state upon information and belief as follows:

    1.    Third-Party Defendants deny the allegations in paragraph 1, except admit that Plaintiffs have sued the third party defendants alleging libel.

    2.    Third-Party Defendants admit the allegations in paragraph 2.

    3.    Third-Party Defendants admit the allegations in paragraph 3.

4. Third-Party Defendants admit the allegations in paragraph 4.

5. Third-Party Defendants admit the allegations in paragraph 5.

6. Third-Party Defendants admit the allegations in paragraph 6.

7. Third-Party Defendants admit the allegations in paragraph 7.

8. Third-Party Defendants admit the allegations in paragraph 8.

9. Third-Party Defendants admit the allegations in paragraph 9.

10. Third-Party Defendants state that paragraph 10 contains legal conclusions that require no response and should be evaluated by the Court.

11. Third-Party Defendants deny the allegations in paragraph 11.

12. Third-Party Defendants deny the allegations in paragraph 12.

13. Third-Party Defendants admit that Glenn Laken is the CEO and Chairman of the Board of Directors of CMG and deny the remaining allegations in paragraph 13.

14. Third-Party Defendants deny the allegations in paragraph 14.

15. Third-Party Defendants state that paragraph 15 contains legal conclusions that require no response and should be evaluated by the Court and deny any defamatory statements have been made.

16. Third-Party Defendants state that paragraph 16 contains legal conclusions that require no response and should be evaluated by the Court.

17. Third-Party Defendants state that paragraph 17 contains legal conclusions that require no response and should be evaluated by the Court.

18. Third-Party Defendants state that paragraph 18 contains legal conclusions that require no response and should be evaluated by the Court.

19. Third-Party Defendants admit the allegations in paragraph 19.

20. Third-Party Defendants deny the allegations in paragraph 20 except admit that a document, a copy of which is attached as Exhibit B, was signed.

21. Third-Party Defendants deny the allegations in paragraph 21.

22. Third-Party Defendants admit that Smith, Anderack, and Lomma never entered into separation agreements, and deny, on information and belief, the allegations in paragraph 22 that Smith, Anderack, and Lomma never entered into employment agreements with XA.

23. Third-Party Defendants deny the allegations in paragraph 23.

24. Third-Party Defendants deny the allegations in paragraph 24, except that Glenn Laken admits that he signed the November 19, 2014 letter that was attached to the 8-K filed by CMG.

25. Third-Party Defendants admit that the words contained in quotation marks in paragraph 25 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 25.

26. Third-Party Defendants admit that the words contained in quotation marks in paragraph 26 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 26.

27. Third-Party Defendants admit that the words contained in quotation marks in paragraph 27 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 27.

28. Third-Party Defendants admit that the words contained in quotation marks in paragraph 28 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 28.

29. Third-Party Defendants admit that the words contained in quotation marks in

paragraph 29 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 29.

30. Third-Party Defendants admit that Glenn Laken signed the Form 10-Q/A of CMG that included the words contained in quotation marks in paragraph 30 appear in Exhibit C, state that several words are omitted, and deny the remaining allegations in paragraph 30.

31. Third-Party Defendants deny the allegations in paragraph 31.

32. Third-Party Defendants admit that pages of the Form 10-Q/A are attached as Exhibit C, and deny the remaining allegations in paragraph 32.

33. Third-Party Defendants deny the allegations in paragraph 33.

34. Third-Party Defendants admit that Alexis Laken drafted the email containing the words contained in quotation marks in paragraph 34 appear in Exhibit D, state that several words are omitted, and deny the remaining allegations in paragraph 34.

35. Third-Party Defendants deny the allegations in paragraph 35.

36. Third-Party Defendants admit that the words contained in quotation marks in paragraph 36 appear in Exhibit E, state that several words are omitted, and deny the remaining allegations in paragraph 36.

37. Third-Party Defendants deny the allegations in 37.

38. Third-Party Defendants admit that Crain's published an article on December 16, 2014 entitled "Marketing and PR agency XA shutters Chicago office amid theft allegations," state that Exhibit A appears to be a copy of this article.

39. Third-Party Defendants admit that Exhibit A contains statements attributed to Glenn and Alexis Laken.

40. Third-Party Defendants deny the allegations in paragraph 40.

41.	Third-Party Defendants deny the allegations in paragraph 41.

42.	Third-Party Defendants deny the allegations in paragraph 42.

43.	Third-Party Defendants deny the allegations in paragraph 43 and footnote 1.

44.	Third-Party Defendants admit that the words contained in quotation marks in paragraph 44 appear in Exhibit A, state that several words are omitted, and deny the remaining allegations in paragraph 44

45.	Third-Party Defendants deny the allegations in paragraph 45.

46.	Third-Party Defendants deny the allegations in paragraph 46.

47.	Third-Party Defendants deny the allegations in paragraph 47.

48.	Third-Party Defendants deny the allegations in paragraph 48.

49.	Third-Party Defendants deny the allegations in paragraph 49.

50.	Third-Party Defendants admit that XA Scenes was a subsidiary of XA, Inc. and state that XA Scenes was a dormant company at all relevant times, and deny the remaining allegations in paragraph 50.

51.	Third-Party Defendants admit that to the extent XA Scenes, which was a dormant company, had any intellectual property, it would have been acquired by CMG, and deny the remaining allegations in paragraph 51.

52.	Third-Party Defendants deny the allegations in paragraph 52, except admit that members of CMG's Board knew of the existence of XA Scenes, but not of the diversions of business from XA by Third Party Plaintiffs.

53.	Third-Party Defendants admit the allegations in paragraph 53.

54.	Third-Party Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 54.

55. Third-Party Defendants admit that Exhibit F appears to be a rental agreement, and deny knowledge and information sufficient to respond to the remaining allegations in paragraph 55.

56. Third-Party Defendants lack sufficient information to form a belief as to the truth of paragraph 56 and are continuing to investigate as the relevant file has not been located.

57. Third-Party Defendants admit that Exhibit G appears to be a certificate of business, and deny knowledge and information sufficient to respond to the allegations in paragraph 57.

58. Third-Party Defendants deny the allegations in paragraph 58.

59. Third-Party Defendants deny the allegations in paragraph 59.

60. Third-Party Defendants admit the allegations in paragraph 60.

61. Third-Party Defendants deny the allegations in paragraph 61.

62. Third-Party Defendants deny the allegations in paragraph 62.

63. Third-Party Defendants deny the allegations in paragraph 63.

64. Third-Party Defendants deny that CMG management decided to abandon Fiori XA's line of business, lack information sufficient to form a belief as to the rest of the allegations in paragraph 64, except admit, on information and belief, that Wagner and Andereck and another fromer XA employee, on information and belief, Jean Wilson, formed Studio AG.

65. Third-Party Defendants deny the allegations in paragraph 65.

66. Third-Party Defendants admit that Exhibit H appears to be a memorandum the content of which speaks for itself.

67. Third-Party Defendants admit that Exhibit I appears to be a memorandum the content of which speaks for itself, and admits that Exhibit I, while mentioning the name Studio

AG, omits its real purpose which was to divert business from XA.

68. Third-Party Defendants deny the allegations in paragraph 68.

69. Third-Party Defendants deny the allegations in paragraph 69.

70. Third-Party Defendants deny the allegations in paragraph 70.

71. Third-Party Defendants deny the allegations in paragraph 71.

72. Third-Party Defendants deny the allegations in paragraph 72, except admit that Plaintiffs were permitted to use their credit cards solely for XA legitimate expenses, but not their personal expenses.

73. Third-Party Defendants deny the allegations in paragraph 73.

74. Third-Party Defendants admit that Exhibit J appears to be a credit card statement and deny the remaining allegations in paragraph 74.

75. Third-Party Defendants assert that this is a legal conclusion for which no response is needed and lacks sufficient information to form a belief as to the amount on any such cards at whatever time frame is being assumed; in addition, admit that when CMG offered to provide XA American Express cards for the company for the use of each of the Plaintiffs during March, 2014, each of them declined that offer.

76. Third-Party Defendants deny the allegations in paragraph 76.

77. Third-Party Defendants deny the allegations in paragraph 77 except deny knowledge or information sufficient to form a belief as to what XA's "standard practices" were with respect to its day to day operational activities, and deny that XA excluded reimbursements for a large number of personal expenses.

78. Third-Party Defendants deny the allegations in paragraph 78.

79. Third-Party Defendants deny having knowledge or information sufficient to form

a belief as to the allegations in paragraph 79.

80. Third-Party Defendants deny the allegations in paragraph 80.

81. Third-Party Defendants deny the allegations in paragraph 81.

82. Third-Party Defendants deny the allegations in paragraph 82.

83. Third-Party Defendants admit that the words contained in quotation marks in paragraph 83 appear in Exhibit H, state that several words are omitted, and deny the remaining allegations in paragraph 83.

84. Third-Party Defendants admit that the words contained in quotation marks in paragraph 84 appear in Exhibit I, state that several words are omitted, and deny the remaining allegations in paragraph 84.

85. Third-Party Defendants deny the allegations in paragraph 85, except admit that Plaintiffs, at one time, were using their personal credit cards not only for XA expenses but their own personal expenses, which they charged to XA, and that CMG attempted to end the use of them using personal cards, because it wanted all expenses to be charged to a single card that could be easily monitored

86. Third-Party Defendants deny the allegations in paragraph 86.

87. Third-Party Defendants deny the allegations in paragraph 87.

88. Third-Party Defendants deny the allegations in paragraph 88.

89. Third-Party Defendants deny the allegations in paragraph 89.

90. Third-Party Defendants deny the allegations in paragraph 90, except admit the document referenced contains several clauses, the effect of which is a legal question.

91. Third-Party Defendants deny the allegations in paragraph 91.

92. Third-Party Defendants deny the allegations in paragraph 92.

93. Third-Party Defendants admit that Exhibit K is a letter from Wagner's counsel and that a motion was made and certain erroneous legal theories argued.

94. Third-Party Defendants deny the allegations in paragraph 94, on information and belief.

95. Third-Party Defendants deny the allegations in paragraph 95.

96. Third-Party Defendants deny the allegations in paragraph 96.

97. Third-Party Defendants deny the allegations in paragraph 97.

98. Third-Party Defendants deny the allegations in paragraph 98, except admits that Plaintiffs have destroyed emails and that the quoted language occurred in an SEC filing.

99. Third-Party Defendants deny the allegations in paragraph 99.

100. Third-Party Defendants deny the allegations in paragraph 100.

101. Third-Party Defendants deny the allegations in paragraph 101.

102. Third-Party Defendants deny the allegations in paragraph 102.

103. Third-Party Defendants deny the allegations in paragraph 103, except admit that discussions attempting to resolve the matter occurred and resulted in a signed document.

104. Third-Party Defendants deny the allegations in paragraph 104 and admit that the required February payments were made in early March, 2014, in the amount of $150,000, occasioned by continuing discussions of contract points among the parties.

105. Third-Party Defendants deny the allegations in paragraph 105.

106. Third-Party Defendants deny the allegations in paragraph 106.

107. Third-Party Defendants admit that the words contained in quotation marks in paragraph 107 appear in Exhibit A, state that several words are omitted, and deny the remaining allegations in paragraph 107.

108. Third-Party Defendants deny the allegations in paragraph 108, except admit that Plaintiffs were all senior managers of XA, could hire vendors without permission of CMG, and were subject to fiduciary obligations to XA, to not compete through secretly controlled entities.

109. Third-Party Defendants deny having knowledge or information sufficient to form a belief as to the allegations in paragraph 109, except admit that Mixed Company was a two person, small florist that lacked the ability to handle events of the magnitude being handled by XA.

110. Third-Party Defendants deny having knowledge or information sufficient to form a belief as to the allegations in paragraph 110.

111. Third-Party Defendants deny the allegations in paragraph 111.

112. Third-Party Defendants deny the allegations in paragraph 112.

113. Third-Party Defendants deny the allegations in paragraph 113.

114. Third-Party Defendants deny the allegations in paragraph 114.

115. Third-Party Defendants repeat every response to every allegation contained in paragraphs 1 through 114.

116. Third-Party Defendants deny the allegations in paragraph 116 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

117. Third-Party Defendants deny the allegations in paragraph 117.

118. Third-Party Defendants deny the allegations in paragraph 118 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

119. Third-Party Defendants deny the allegations in paragraph 119.

120. Third-Party Defendants admit that Exhibit L appears to be a printout from Investor's Hub, deny knowledge or information sufficient to respond to the allegations regarding Exhibit L, and deny the remaining allegations in paragraph 120.

121. Third-Party Defendants deny the allegations in paragraph 121.

122. Third-Party Defendants deny the allegations in paragraph 122.

123. Third-Party Defendants deny the allegations in paragraph 123.

124. Third-Party Defendants deny the allegations in paragraph 124.

125. Third-Party Defendants deny the allegations in paragraph 125.

126. Third-Party Defendants deny the allegations in paragraph 126.

127. Third-Party Defendants repeat every response to every allegation contained in paragraphs 1 through 126.

128. Third-Party Defendants deny the allegations in paragraph 128 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

129. Third-Party Defendants deny the allegations in paragraph 129.

130. Third-Party Defendants deny the allegations in paragraph 130 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

131. Third-Party Defendants deny the allegations in paragraph 131.

132. Third-Party Defendants deny the allegations in paragraph 132.

133. Third-Party Defendants deny the allegations in paragraph 133.

134. Third-Party Defendants deny the allegations in paragraph 134.

135. Third-Party Defendants deny the allegations in paragraph 135.

136. Third-Party Defendants deny the allegations in paragraph 136.

137. Third-Party Defendants repeat every response to every allegation contained in paragraphs 1 through 136.

138. Third-Party Defendants deny the allegations in paragraph 138.

139. Third-Party Defendants deny the allegations in paragraph 139.

140. Third-Party Defendants deny the allegations in paragraph 140 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

141. Third-Party Defendants deny the allegations in paragraph 141.

142. Third-Party Defendants deny the allegations in paragraph 142.

143. Third-Party Defendants deny the allegations in paragraph 143.

144. Third-Party Defendants deny the allegations in paragraph 144.

145. Third-Party Defendants deny the allegations in paragraph 145.

146. Third-Party Defendants deny the allegations in paragraph 146.

147. Third-Party Defendants deny the allegations in paragraph 147.

148. Third-Party Defendants deny the allegations in paragraph 148.

149. Third-Party Defendants repeat every response to every allegation contained in paragraphs 1 through 148.

150. Third-Party Defendants deny the allegations in paragraph 150 to the extent they allege facts, and further state that the remainder of the paragraph contains legal conclusions that require no response and should be evaluated by the Court.

151. Third-Party Defendants deny the allegations in paragraph 151.

152. Third-Party Defendants deny the allegations in paragraph 152.

153. Third-Party Defendants deny the allegations in paragraph 153.

154. Third-Party Defendants admit that Exhibit L is a printout from Investor's Hub, deny knowledge or information sufficient to respond to the allegations regarding Exhibit L, and deny the remaining allegations in paragraph 154.

155. Third-Party Defendants deny the allegations in paragraph 155.

156. Third-Party Defendants deny the allegations in paragraph 156.

157. Third-Party Defendants deny the allegations in paragraph 157.

158. Third-Party Defendants deny the allegations in paragraph 158.

159. Third-Party Defendants deny the allegations in paragraph 159.

160. Third-Party Defendants deny the allegations in paragraph 160.

161. Third-Party Defendants repeat every response to every allegation contained in paragraphs 1 through 161.

162. Third-Party Defendants deny the allegations in paragraph 162.

163. Third-Party Defendants deny the allegations in paragraph 163.

164. Third-Party Defendants deny the allegations in paragraph 164.

165. Third-Party Defendants deny the allegations in paragraph 165.

166. Third-Party Defendants deny the allegations in paragraph 166.

167. Third-Party Defendants deny the allegations in paragraph 167.

168. Third-Party Defendants deny the allegations in paragraph 168.

169. Third-Party Defendants deny the allegations in paragraph 169.

170. Third-Party Defendants deny the allegations in paragraph 170.

171. Third-Party Defendants deny the allegations in paragraph 171.

172. Third-Party Defendants repeat every response to every allegation contained in

paragraphs 1 through 171.

173. Third-Party Defendants deny the allegations in paragraph 173.

174. Third-Party Defendants deny the allegations in paragraph 174.

175. Third-Party Defendants deny the allegations in paragraph 175.

176. Third-Party Defendants deny the allegations in paragraph 176.

177. Third-Party Defendants deny the allegations in paragraph 177.

178. Third-Party Defendants deny the allegations in paragraph 178.

179. Third-Party Defendants deny the allegations in paragraph 179.

180. Third-Party Defendants deny the allegations in paragraph 180.

181. Third-Party Defendants deny the allegations in paragraph 181.

182. Third-Party Defendants deny the allegations in paragraph 182.

183. Third-Party Defendants deny the allegations in paragraph 183.

### First Affirmative Defense

The Third-Party Complaint fails to state any cause of action on which relief can be granted, including but not limited to any cause of action for slander, libel, and/or intentional infliction of emotional distress.

### Second Affirmative Defense

Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and by the doctrine of laches.

### Third Affirmative Defense

The alleged statements complained of in the Third-Party Complaint do not constitute actionable assertions of fact capable of being proven true or false, and thus cannot give rise to any claim for defamation.

### Fourth Affirmative Defense

The alleged statements complained of in the Third-Party Complaint are not defamatory, are not reasonably capable of defamatory meaning or susceptible to a defamatory interpretation, and did not defame Third-Party Plaintiff and thus cannot give rise to any claim for defamation.

### Fifth Affirmative Defense

The alleged statements complained of in the Third-Party Complaint are not actionable because Third-Party Plaintiffs cannot meet his burden of proving they were materially false, and/or the alleged statements were substantially true.

### Sixth Affirmative Defense

The alleged statements complained of in the Third-Party Complaint are not actionable to the extent they contained expressions of opinion, which are privileged, protected and non-actionable under the First Amendment to the United States Constitution, as well as under applicable New York State constitutional provisions.

### Seventh Affirmative Defense

The alleged statements complained of, even if they were made, concerned a public figure or limited purpose public figure and were made without the applicable degree of fault for any claim asserted, including without negligence, gross irresponsibility, actual malice or fault of any kind.

### Eighth Affirmative Defense

The alleged statements complained of, even if they were made, involved a matter of public concern and were made without the applicable degree of fault for any claim asserted, including without negligence, gross irresponsibility, actual malice or fault of any kind.

### Ninth Affirmative Defense

Third-Party Plaintiffs' claims fail because the alleged statements complained of, even if they were made, were not made with knowledge of any falsity or with reckless disregard for their truth or falsity.

### Tenth Affirmative Defense

Alleged statements complained of, even if they were made, were subject to absolute privilege, in whole or in part, under New York law.

### Eleventh Affirmative Defense

Alleged statements complained of, even if they were made, were subject to qualified privilege, in whole or in part, under New York law, including but not limited to the common interest privilege, and Third-Party Plaintiffs cannot meet its burden of proving malice.

### Twelfth Affirmative Defense

The alleged statements complained of, even if they were made, were subject to the provisions of Section 76-a of the New York Civil Rights Law and Third-Party Plaintiff cannot meet its burden of showing that such statements were made with knowledge of any falsity or reckless disregard for any falsity.

### Thirteenth Affirmative Defense

The alleged statements complained of, even if they were made, were privileged pursuant to Section 74 of the New York Civil Rights Law.

### Fourteenth Affirmative Defense

Third-Party Plaintiffs' complaint should be dismissed, or in the alternative stayed, to the extent the same subject matter is at issue in any other pending action or investigation.

### Fifteenth Affirmative Defense

To the extent that section 720-a of the New York Not-for-Profit Law governs or otherwise applies, the Defendants cannot be liable and are immune from liability to Third-Party Plaintiffs.

### Sixteenth Affirmative Defense

Alleged statements are non-actionable because, even if they were made, they were made in connection with communications subject to the attorney-client privilege and/or the common interest doctrine.

### Seventeenth Affirmative Defense

The Third-Party Complaint fails to allege the particular words complained of with the required degree of particularity pursuant to CPLR 3016(a).

### Eighteenth Affirmative Defense

The Third-Party Complaint fails to adequately allege falsity as to the alleged statements complained of.

### Nineteenth Affirmative Defense

The Third-Party Complaint fails to adequately plead damages and/or special damages and/or causation. Moreover, even if damages were adequately pleaded and were recoverable, which they are not, they would be attributable to the Third-Party Plaintiffs' own culpable conduct resulting in the diminution, in whole or in part, of any such damages.

### Twentieth Affirmative Defense

Third-Party Plaintiffs' purported claim for intentional infliction of emotional distress is duplicative of his purported claim for defamation and, in any event, Third-Party Plaintiffs fails to state a cause of action for intentional infliction of emotional distress.

### Twenty First Affirmative Defense

The Third-Party Complaint should be dismissed because Defendants have defenses based on documentary evidence.

### Twenty Second Affirmative Defense

The allegations set forth in the Third-Party Complaint will become barred by the doctrines of collateral estoppel and/or res judicata.

### Twenty Third Affirmative Defense

To the extent that any of the events complained of actually occurred, those events arose, in whole or in part, because of Third-Party Plaintiffs' own actions and dealings involving, on information and belief, illegality, fraud and/or other wrongful conduct.

### Twenty Fourth Affirmative Defense

The alleged statements, even if made, cannot constitute slander per se because, among other things, they concerned non-actionable opinionated predictions about possible future developments and/or did not relate to the Third-Party Plaintiffs' profession.

### Twenty Fifth Affirmative Defense

Third-Party Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Twenty Sixth Affirmative Defense

Defendants reserve their rights to assert any other affirmative defenses whether based upon information disclosed during discovery or otherwise.

WHEREFORE Third-Party Defendants Glenn Laken and Alexis Laken demand judgment dismissing the Third-Party Complaint and awarding to them the costs and expenses of this action, and such other and further relief as to this Court is just and proper.

Dated: New York, New York
June 26, 2015

EATON & VAN WINKLE LLP

By: /s/ Lawrence Steckman
Lawrence Steckman
3 Park Avenue
New York, NY 10016-2078
Tel (646) 821-9367

Attorneys for Third-Party Defendants

TO:

Scott R. Matthews
WINDELS MARX
156 West 56th Street
New York, New York 10019
(212) 237-1025
*Attorneys for Defendants
and Third-Party Plaintiffs*