

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

*Kevin J. O'Connor*
 *Partner*

www.pecklaw.com

70 Grand Avenue
River Edge, NJ  07661
tel. 201.343.3434
fax 201.343.6306

**VIA ECF**

August 7, 2019

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

New York, NY
Los Angeles, CA
San Francisco Bay Area, CA
Washington, D.C.
Miami, FL
Chicago, IL
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX
Devon, PA

**Re:    CMG Holdings Group, as successor to XA**
       **The Experiential Agency, Inc. v. Wagner et al**
       **Docket Number: 1:15-cv-05814-JPO**
       **Our File No: 11372/398630**

Dear Judge Oetken:

This law firm represented Plaintiff CMG Holdings Group, as successor to XA The Experiential Agency, Inc. ("XA" or "Plaintiff") and Third-Party Defendants Glenn Laken and Alexis Laken ("Third-Party Defendants") in connection with the above-referenced matter, and has been retained anew by XA to address a new filing made by former counsel for XA.

**International Alliances**

Beijing
Bogota
Buenos Aires
Guatemala City
Lima
London
Managua
Mexico City
Panama City
Port of Spain
San Jose
San Salvador
Santiago
Sao Paulo
Tegucigalpa
Vancouver

We are writing to request that the Court strike from the docket the purported "Notice of Charging Lien" (ECF # 163) filed on July 19, 2019, by the offices of Edwards Pottinger, LLC ("Pottinger firm") or in the alternative to provide a briefing schedule for a motion to adjudicate challenges to any such "lien."

As the Court may recall, the Pottinger firm withdrew from representing XA in this matter in October 2018.  (ECF #106).  The purported lien is signed by Seth Lehrman who is not admitted to this Court, and whose prior *pro hac vice* status expired with the termination of his representation.  (ECF #116).

At no point prior to July 2019 did the Pottinger firm assert a charging lien.  Now, over seven months after this matter was settled and dismissed, the Pottinger firm filed the notice, purportedly in compliance with Local Civil Rule 1.4.

Yet, the language of Local Civil Rule 1.4 demonstrates the sheer frivolity of the notice:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from



**Peckar & Abramson**
A Professional Corporation Attorneys & Counselors at Law

Hon. J. Paul Oetken
United States District Judge
August 7, 2019
Page 2

a case **without** leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, *and whether or not the attorney is asserting a retaining or charging lien*. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." Local Civ. R. 1.4 (emphasis added).

There is simply no precedent for a lawyer from another jurisdiction whose *pro hac vice* status is expired, to file a "notice of lien" in a matter nine months after that lawyer was relieved, and seven months after the case was fully adjudicated.

On the merits of the purported notice, if the Court is not inclined to strike the notice outright, we respectfully request leave to file a motion to adjudicate the merits of same, and a legal determination that there is no legal entitlement to any charging lien. The facts, to be provided under seal, will show that the Pottinger firm withdrew from representing Plaintiff and Third-Party Defendants without cause; failed to contribute in any meaningful way to the development of the case; and that the purported costs that it claims an entitlement to recover through its lien, are costs that it incurred without any measurable benefit to Plaintiff/Third-Party Defendants. Plaintiff and Third-Party Defendants will clearly establish that the Pottinger firm waived and abandoned any right to assert any such recoupment of expenses.

Respectfully submitted,

*/s/ Kevin J. O'Connor, Esq.*

KEVIN J. O'CONNOR
KJO:ci