

| Florida Office | 425 North Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL  33301 | New York Office |
|---|---|---|
| Bradley J. Edwards *◊ℓ | | J. Stanley Pottinger ‡ |
| Seth M. Lehrman *† | | |
| Brittany N. Henderson *◊ | Telephone (954) 524-2820 | † Admitted in California<br>◊ Admitted in District of Columbia<br>* Admitted in Florida<br>‡ Admitted in New York<br>ℓ Board Certified Civil Trial Lawyer |
| Matthew D. Weissing *ℓ | Fax (954) 524-2822 | |

August 20, 2019

<u>**Via ECF**</u>

Hon. Stewart D. Aaron, United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

      Re:    CMG Holdings Group, Inc. v. Joseph Wagner, et al.
               15-cv-05814-JPO

Dear Judge Aaron:

      Edwards Pottinger LLC ("EP"), former attorneys of record for Plaintiff and Third-Party Defendants, file this letter in response to the Order to Show Cause entered on August 13, 2019 related to the Notice of Charging Lien (ECF No. 163) filed by EP.

      EP and the Stone Magnanini LLP firm, predecessor counsel for Plaintiff and Third-Party Defendants, have communicated with successor counsel for Plaintiff and Third-Party Defendants concerning the Notice of Charging Lien. On August 19, 2019, predecessor counsel and Plaintiff reached an agreement providing that predecessor counsel would withdraw the Notice of Charging Lien. Accordingly, predecessor counsel filed a Notice of Withdrawal of Charging Lien immediately before filing this letter. We also want to clarify that the charging lien was filed only on behalf of the undersigned firm and no lien was asserted by the Stone and Magnanini firm.

      Predecessor counsel respectfully submits that adjudication of the Notice of Charging Lien and its timeliness is not necessary given the withdrawal of the charging lien and the parties' agreement.  However, predecessor counsel files this letter in response to and in compliance with the Order to Show Cause which directed EP to show cause why its Notice of Charging Lien "should not be stricken as untimely".

Hon. Magistrate Judge Stewart D. Aaron
August 20, 2019
Page 2

      EP maintains that it placed the parties and the Court on notice and reserved its right to assert a charging lien for costs by so specifying in a stipulation for substitution of counsel and a motion to withdraw. A Stipulation for Substitution of Counsel (ECF No. 110) filed by Plaintiff and Third-Party Defendants and predecessor counsel and successor counsel provided in material part that:

> "neither of the Withdrawing Attorneys are asserting any charging or retaining lien or are seeking, or will ever seek, a claim for equitable relief under a theory of quantum merit related to their representation of Plaintiff and Third-Party Defendants in this action, <u>except that Withdrawing Attorneys hereby reserve the right to make such a claim for expenses reasonably incurred to date only</u>." (emphasis added)

Likewise, predecessor counsel had filed a Letter Motion to Withdraw (ECF No. 107) in which it expressly stated that "both firms retain liens for costs and expenses." Accordingly, EP maintains that through the stipulation (ECF No. 110) and its motion (ECF No. 107) that it had timely and properly reserved its right to assert a charging lien for costs only and that the Notice of Charging Lien (ECF No. 163) was timely.

Very truly yours,

*Seth Lehrman*

Seth Lehrman

cc: Kevin O'Connor, Esq. (Via ECF)
     Scott Matthews, Esq. (Via ECF)
     David Stone, Esq. (Via ECF)